UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  1/2/26

| | |
|---|---|
| SKECHERS U.S.A., INC. and SKECHERS U.S.A., INC. II,<br><br>Plaintiffs,<br><br>v.<br><br>ABG ROCKPORT LLC, AUTHENTIC BRANDS GROUP LLC, MF-RFC LLC, and MFF-NW LLC,<br><br>Defendants. | Case No.: 1:24-cv-06708-ALC-BCM<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER |

The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, and the parties having stipulated to the following provisions, it is hereby ORDERED that any person subject to this Order – including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms, upon pain of contempt:

## I.    Good Cause Statement

This patent litigation is likely to involve proprietary and/or valuable research, development, commercial, and financial materials and information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information

11511598

otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. The parties anticipate that this information, if released, may provide valuable insights into the parties' current, past, and future business practices, product designs and development processes, marketing strategies, finances, all of which the parties' commercial competitors might seek to exploit to gain a competitive advantage.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## II.      Definitions

1. "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2. Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3. Consultant:  A person who has been retained by a Party or its Counsel to serve as a consultant in this action (i.e., not a testifying expert under Rule 26(a)(2)(A)).

11511598                                    - 2 -

4.   Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

5.   Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

6.   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

7.   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and is being identified pursuant to Federal Rule of Civil Procedure 26(a)(2)(A).

8.   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  "CONFIDENTIAL" Information or Items for which disclosure to persons who are permitted to review information designated as "CONFIDENTIAL" is likely to cause economic harm or significant competitive disadvantage to the Producing Party.  The Parties agree that the following information, if non-public, shall be presumed to merit the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:  trade secrets, pricing information, customer data compilations, financial data and analyses, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, scientific or technical research, engineering documents, testing documents, employee information, third-party confidential information, and other non-public information of similar competitive and business sensitivity.

11511598                                   - 3 -

9. House Counsel: attorneys who are employees of a party to this action with responsibility for managing this action. House Counsel includes support staff employed by a party to this action who have responsibility for supporting House Counsel in connection with this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

10. Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

11. Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

12. Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

13. Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

14. Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

15. Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

16. Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

### III.    Scope

17. The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial will be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

### IV.    Disclosure or Discovery Materials May Be Designated as Confidential

18. Any person subject to this Order who receives from any other person any "Disclosure or Discovery Material" that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of this Order shall not disclose such material to anyone else except as expressly permitted hereunder.

19. The person producing Disclosure or Discovery Material may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any portion thereof that satisfies the definitions of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" set forth above. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party

11511598                                    - 5 -

must promptly notify all other Parties that it is withdrawing the inapplicable designation. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) and are not removed after notification may expose the Designating Party to sanctions.

20. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. The following are deemed acceptable disclosures in conformity with this Order:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix, stamp, or otherwise clearly mark the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIALITY legend"), to each page that contains protected material in a manner that will not interfere with legibility. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) For testimony given in depositions that involve the disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material of a Party, such Party shall have thirty (30) business days from receipt of the final deposition transcript to inform all other parties that portions of the transcript are to be designated "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," which period may be extended

by agreement of the Parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraphs 23(c)-(j) below and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraphs 23(c)-(j) below during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," all Parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Order.

(c)  For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate CONFIDENTIALITY legend.  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

21. The inadvertent or unintentional production of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material without proper designation shall not be deemed a waiver in whole or in part of a Producing Party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. If at any time prior to the trial of this action, a Producing Party realizes that some portion of Discovery or Disclosure Material that that Party previously inadvertently or unintentionally produced without limitation should be designated as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY," the producing person may so designate that portion by promptly notifying Outside Counsel of Record for all parties in writing. Such designated portion of the Discovery or Disclosure Material will thereafter be treated as CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Order. The Receiving Party to whom such Disclosure or Discovery Material was produced shall treat such Disclosure or Discovery Material as designated by Counsel's written notice, and shall also make good faith efforts to retrieve any previously disclosed "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material from unauthorized recipients.  If the Receiving Party is unable to arrange for the return or destruction of such documents and things from unauthorized individuals, the Receiving Party shall notify the Producing Party within fourteen (14) calendar days of notice from the Producing Party of the identity of such unauthorized persons and the efforts made to secure the return or destruction of the information.  The Receiving Party's disclosures, prior to the receipt of notice from the Producing Party of a new designations, of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," to unauthorized persons shall not be deemed a violation of this Protective Order. In addition, the Producing Party shall promptly provide each Receiving Party with replacement versions of such Discovery or Disclosure Material that bears the appropriate designation within ten (10) business days of providing such notice. Within ten (10) business days of receipt of the replacement copies, the Receiving Party shall return or destroy originally produced material and not retain any copies thereof. If the Receiving Party disagrees with the re-designation of the Disclosure or Discovery Material it may challenge the confidentiality designation pursuant to and in the manner prescribed below.  The Receiving Party must nevertheless comply with the terms of this Paragraph through the pendency of any challenge.

11511598                              - 8 -

## V.    Access To and Use of Protected Materials

22. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this action only for prosecuting, defending, or attempting to settle this action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

23. Unless otherwise ordered by the court or permitted in writing by the Producing party, no person subject to this Order, other than the Producing Party, shall disclose any  Protected Material to any other person whomsoever, except to:

(a)  up to five (5) of the Receiving Party's officers, directors, and employees (other than House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(b)  up to five (5) of the Receiving Party's House Counsel who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), as well as support staff employed by the Receiving Party to this action who have responsibility for supporting House Counsel in connection with managing this action and who need not separately sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record (including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action) to whom it is reasonably necessary to disclose the information for this action;

(d) the author or recipient of a document containing the information or a

custodian or other person who otherwise possessed or knew the information;

(e) during their depositions, witnesses, and attorneys for witnesses, in the action to whom disclosure is reasonably necessary provided that the deposing party requests that the witness sign the form attached as Exhibit A hereto.  Such witnesses and attorneys for witnesses shall not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and;

(f)  Experts and Consultants (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this action, who have been cleared pursuant to Paragraph 43 of this Order, and who have executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), as well as their administrative staff to the extent necessary to assist such outside consulting or testifying experts in the conduct of this action and who need not separately sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) provided that they are contractually bound to keep confidential their work on the engagement;;

(g) stenographers, video technicians, and their staff engaged to transcribe or record depositions conducted in this action;

(h) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(i)  the Court and its staff; and

- 10 -

(j)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

24. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" – ATTORNEYS' EYES ONLY" only to the persons identified in Paragraphs 23(c)-(j).

## VI.    Unauthorized Disclosure of Protected Material

25. If a Receiving Party learns that, by inadvertence or otherwise unintentionally, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, and (c) provide a copy of this Order.

## VII.    Protected Material Subpoenaed or Ordered Produced In Other Litigation

26. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification will include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification will include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

27. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order will not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party will bear the burden and expense of seeking protection in that court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## VIII.   A Non-Party's Protected Material Sought to be Produced in this Litigation

28. The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

29. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement, written or oral, with the Non-Party not to produce the Non-Party's confidential information, then the Party will:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a

Non-Party;

(b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) provide or make the information requested available for inspection by the Non-Party, if requested.

30. If the Non-Party or Receiving Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party or Receiving Party timely seeks a protective order, the Receiving Party will not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.   Absent a court order to the contrary, the Non-Party or Receiving Party will bear the burden and expense of seeking protection in this court of its Protected Material.

### IX.    Challenging Confidentiality Designations

31. Any Party or Non-Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon the Designating Party a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons shall request a joint telephone call with the Court to obtain a ruling.

32. The burden of persuasion in any such challenge proceeding will be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the objecting party to sanctions.  Unless the Designating Party has waived or withdrawn the

11511598                               - 13 -

confidentiality designation, all parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

### X.  Filing Confidential Materials in this Action

33. Notwithstanding the designation of material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in discovery, there is no presumption that such Protected Material will be filed with the Court under seal. The parties shall follow the individual practices of the Magistrate or District Judge to whom they direct pretrial requests for filing under seal.

34. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Disclosure or Discovery Material introduced in evidence at trial, even if such material was previously designated as Confidential or sealed during pretrial proceedings.

### XI.  Disclosure of Privileged Materials

35. If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege, work product privilege, joint defense privilege, or settlement privilege, a Producing Party discloses such information, such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the information and its subject matter, nor shall it prejudice any claim that the disclosed or related information is privileged or protected from discovery.

36. A party or non-party may request the return or destruction of such information, which shall identify the information and the basis for requesting its return.  If a Receiving Party receives information that the Receiving Party believes may be subject to a claim of

11511598

- 14 -

privilege or protection from discovery, the Receiving Party shall promptly identify the information to the Producing Party.

37. If a Producing Party identifies such information as privileged or protected pursuant to Paragraph 36, a Receiving Party shall 1) not use, and immediately cease any prior of use of such information; 2) take reasonable steps to retrieve the information from others to which the Receiving Party disclosed the information, and 3) within five (5) business days of the Producing Party's request, return or destroy all copies of the information, and provide a certification of counsel that all such information has been returned or destroyed. Notwithstanding this provision, no party shall be required to return or destroy any information that may exist on any disaster recovery backup system.

38. Within five (5) business days of the notification that such information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the information identified pursuant to Paragraph 36.

39. Within fourteen (14) days after a Producing Party or Receiving Party identifies the information pursuant to Paragraph 36, and not thereafter, the Receiving Party may move the Court for an order compelling production of the information on the basis that: (a) the information was never privileged or protected from disclosure; or (b) any applicable privilege or immunity has been waived by some act other than the production of the information in this action.  No one shall use the fact or circumstances of production of the information in this action to argue that any privilege or protection has been waived. Consistent with the foregoing, the Receiving Party may argue that the Producing Party's affirmative use of or reliance on the information in this action indicates that the information was never privileged or protected from disclosure, or that any privilege or protection has been waived.  Such motion shall be filed under seal, and the Producing Party shall not assert

11511598                                      - 15 -

as the grounds for entering such an order the fact of the production of the information. The Producing Party and the Receiving Party shall meet and confer in accordance with applicable law or Court rules regarding any such motion to compel. The disclosing person retains the burden of establishing the privileged or protected nature of any information identified pursuant to Paragraph 36. Nothing in this Order shall limit the right of any party to request an *in camera* review of the information identified pursuant to Paragraph 36. Nothing in this Order shall discharge any Attorney from their ethical obligations regarding information identified pursuant to Paragraph 36.

### XII.    Prosecution Bar

40. Any person associated with a Party who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's Protected Material under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit during the pendency of this action, including any appeals. Nothing in this provision shall preclude any person who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's Protected Material from participating in any post-grant or reexamination proceeding (US or overseas), so long as such persons do not share any Protected Material with any individual involved with amending any claims and do not directly or indirectly assist in drafting, amending, or proposing for substitution patent claims in any post-grant proceedings.

### XIII.    Miscellaneous

41. The administrative and clerical staff of an outside Consultant, Expert, professional jury or trial consultant, and Professional Vendor shall be deemed to have signed the undertaking of Exhibit A when the outside Consultant, Expert, professional jury or trial

11511598                                          - 16 -

consultant, and Professional Vendor supervising such individuals has executed the undertaking.

42. Mock jurors shall also be deemed to have signed the undertaking of Exhibit 1 when the Jury Consultant or supervising employee has executed the undertaking, provided however that mock jurors shall have executed a written confidentiality agreement providing that "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material shall not be disclosed to others and shall be used only on connection with the mock jury exercise.

43. Proposed Experts and Consultants shall be permitted to access "Confidential" and "Highly Confidential – Attorneys' Eyes Only" material only after the following additional conditions have been satisfied:

(a)    The "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A has been served on the Producing Party together with a copy of the expert or consultant's curriculum vitae and, to the extent not reflected therein, a list of all publications authored in the previous 10 years and a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition.

(b)    The Producing Party shall have ten (10) calendar days from when notice complying with the requirements of Paragraph 43(a) is received to object to the disclosure of the Designated Information for the person(s) identified. Any objection shall be made in good faith, stating with particularity the reasons for the objection, and must be served in writing on all Parties. Failure to object within the period referenced above shall be deemed approval, and the person(s) shall thereafter be qualified to have access to the "CONFIDENTIAL" and "HIGHLY

11511598                                    - 17 -

CONFIDENTIAL – ATTORNEYS' EYES ONLY" material of the Producing Party. Should the Parties be unable to resolve an objection, then the Party objecting to the disclosure shall raise this matter with the Court and request an Order restricting such person's access to the "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material. Failure to raise this matter with the Court within twenty-one (21) calendar days after actual receipt of the objection by the notifying party shall be deemed approval (unless this period is tolled by agreement), and the person(s) shall thereafter be qualified to have access to the "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material. The objecting party shall have the burden of persuasion before the Court.

44. Personally Identifying Information. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery may be redacted by the Producing Party, and if not redacted, shall be maintained by the Receiving Party in a manner that is secure and confidential.

45. Injunctive Relief. In the event anyone shall violate or threaten to violate the terms of this Protective Order, the Parties agree that the aggrieved Party may immediately apply to obtain injunctive relief against any such person.

46. Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

47. Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.

11511598                                          - 18 -

Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

### XIV.    Termination of the Litigation

48. This Protective Order shall survive the termination of the litigation. Within 60 days of the later of: 1) dismissal of all claims and defenses in this action, with or without prejudice; or 2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law, each party and non-party must return or destroy all Protected Material and all copies thereof, and provide to the producing party or non-party a written certification of compliance with this provision. Notwithstanding this provision, outside counsel for a party or non-party are entitled to retain archival copies of all pleadings, filings, or other documents served by or on any party, trial, deposition, and hearing transcripts, legal memoranda, correspondence, expert reports, attorney work product, and consultant and expert work product, and exhibits to any of these materials, even if such materials reflect materials designated under this Order. Notwithstanding this provision, no party shall be required to return or destroy any materials designated under this Order that may exist on any disaster recovery backup system.  Any such archival and/or backup copies of materials designated under this Order shall remain subject to the provisions of this Order.

49. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

By:  _Stephen F. Roth_

Stephen F. Roth
Mark I. Peroff
Jason Kasner
April M. Capati
Bronson M. Bonnett
LERNER DAVID LLP
20 Commerce Drive
Cranford, NJ 07016
Tel: 908.518.6362
Email: sroth@lernerdavid.com
    mperoff@lernerdavid.com
    jkasner@lernerdavid.com
    acapati@lernerdavid.com
    bbonnett@lernerdavid.com
    litigation@lernerdavid.com

*Counsel for Defendants MFF-NW LLC,*
*MF-RFC LLC, ABG Rockport LLC,*
*and Authentic Brands Group LLC*

By:  _Ian R. Washburn_

Andrew J. Ligotti
Neal J. McLaughlin
**ALSTON & BIRD LLP**
90 Park Avenue, 15th Floor
New York, New York 10016
Tel.: (212) 210-1286
Fax: (212) 210-9444
Email: andy.ligotti@alston.com
Email: neal.mclaughlin@alston.com
Robert L. Lee (admitted *pro hac vice*)
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, Georgia 30309
Tel.: (404) 881-7635
Fax: (404) 991-7777
Email: bob.lee@alston.com

Morgan Chu (to be admitted *pro hac vice*)
Sam Lu (to be admitted *pro hac vice*)
Benjamin W. Hattenbach (to be admitted
*pro*
*hac vice*)
Ian Washburn (admitted *pro hac vice*)
Grant Gabriel (admitted *pro hac vice*)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
Email: mchu@irell.com
Email: slu@irell.com
Email: bhattenbach@irell.com
Email: iwashburn@irell.com
Email: ggabriel@irell.com

Kamran Vakili (to be admitted *pro hac vice*)
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
Email: kvakili@irell.com

*Counsel for Plaintiffs*
SKECHERS U.S.A., INC. and
SKECHERS
U.S.A., INC. II

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: January 2, 2026

_____
Barbara Moses
United States Magistrate Judge

11511598                                    - 21 -

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of

_____ [**full address**],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Southern District of

New York on _____ [**date**] in the case of *SKECHERS U.S.A., INC. and*

*SKECHERS U.S.A., INC. II v. ABG ROCKPORT LLC, AUTHENTIC BRANDS GROUP LLC,*

*MF-RFC LLC, and MFF-NW LLC*, No.: 1:24-cv-06708-ALC (S.D.N.Y.). I agree to comply with

and to be bound by all the terms of this Stipulated Protective Order. I solemnly promise that I

will not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern

District of New York for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____