UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/19/26

| | |
|---|---|
| SKECHERS U.S.A., INC. and SKECHERS U.S.A., INC. II, <br><br> Plaintiffs, <br><br> v. <br><br> ABG ROCKPORT LLC, AUTHENTIC BRANDS GROUP LLC, MF-RFC LLC, and MFF-NW LLC, <br><br> Defendants. | Case No.: 1:24-cv-06708-ALC-BCM <br><br> [PROPOSED] ORDER FOR ELECTRONIC DISCOVERY |

The Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders for electronic discovery. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this Action, as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified for good cause. If the parties cannot resolve their disagreements regarding any such proposed modifications, the parties shall submit the matter to the Court.

3. Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail, parties must propound specific e-mail production requests as described herein.

6. E-mail production requests shall only be propounded for specific issues, rather than

general discovery of a product or business.

7.     E-mail production requests shall be phased to occur after the parties have exchanged initial disclosures and a specific listing of likely e-mail custodians. The exchange of this information shall occur within thirty (30) days of the entry of this Order.

8.     E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe. The court may allow additional e-mail discovery upon a showing of good cause.

9.     Each requesting party shall limit its e-mail production requests to a total of ten (10) custodians per side for such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five (5) additional custodians per side, after e-mail production and upon a showing of good cause.

10.     Each requesting party shall limit its e-mail production requests to a total of five (5) search terms per custodian per side. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five (5) additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word or phrase. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. The parties shall diligently meet and confer regarding the e-mail production requests. The parties shall continue to meet and confer as needed. As part of the continuing meet and confer process, the producing party shall, as soon as practicable, run the requested search terms for each custodian and provide the requesting

party with document hit counts for the requested search terms plus family members. The parties agree to revise search terms using limiters or other appropriate means until the document hit counts (including family members) are within a reasonable range.

11.    All document production shall be in electronic format unless otherwise agreed to in advance by the parties.

12.    The following parameters shall apply to ESI production:

   a.    General Document Image Format. Each electronic document shall be produced in a single-page 300 dpi image file format, with each page bearing a unique production number and named with the unique production number followed by the appropriate file extension. Color documents shall be produced as JPEG format images. All other documents may be produced as Tagged Image ("TIFF") format images. Load files shall be provided to indicate the location and unitization of the TIFF and/or JPEG files.

   b.    Native Files. For documents that do not convert well to TIFF (e.g., MS Excel, Google Sheets, oversized drawings or diagrams, picture files, video files including without limitation delimited text files, e.g. comma-separated value (.csv) files and tab-separated value (.tsv) files) shall be produced in their native file format. TIFF or JPEG images need not be produced for these formats of files unless the files have been redacted, in which instance such files shall be produced in TIFF with OCR Text Files. If producing in native format, each document shall include a single unique production number for the document preceding the native file name. A TIFF placeholder indicating that a document was provided in native format should accompany the production. If a file has been redacted, TIFF images and OCR text of the redacted document will suffice in lieu of a native file and extracted text. If good cause exists to request production of files in native format, other than those specifically set forth in this provision, the

- 3 -

party may request such production and provide an explanation of the need for native file review, which request shall not unreasonably be denied.

c. Text-Searchable Documents. ESI shall be produced in text-searchable format to the extent maintained in that form or to the extent reasonably possible.

d. Footer. Each document image must be assigned a unique Bates number that is sequential within the production sets.

e. Confidentiality Designation. Each image will be stamped with the appropriate confidentiality designations (if any) in accordance with the Protective Order in this matter. Each document produced in native format will have its confidentiality designation identified in the filename of the native file.

f. Unique Documents.  The parties shall make reasonable efforts to de-duplicate ESI produced or reproduced in this Action to avoid substantially duplicative productions.  No party shall remove any attachment to any email, regardless of whether the attachment is duplicative of any other document.  The parties shall make reasonable efforts to de-duplicate emails that are identical.  Custodian metadata for a given document shall reflect any Custodian of any document removed as a duplicate of that document.

g. Metadata[1]. In addition to single page images, productions shall include (1) an ASCII delimited metadata file (.txt., .dat, or .csv) and (2) an image load file that can be loaded into commercially acceptable production software (e.g., Relativity or Concordance). The following fields, if reasonably accessible and not subject to a justified and proper claim of privilege, shall

---

[1] Nothing in this Order requires the parties to create metadata or include metadata fields if none exists for a particular document. For example, some documents, such as old documents saved in hard copy, pdf, or other formats may not have such metadata or identifiable custodian available.

appear in the load file:

    i.  BEGBATES: Beginning Bates number as stamped on the production image

    ii.  ENDBATES: Ending Bates number as stamped on the production image

    iii.  BEGATTACH: First production Bates number of the first document in a family

    iv.  ENDATTACH: Last production Bates number of the last document in a family

    v.  CONFIDENTIALITY: Any designation of the document under the Protective Order governing this Action

    vi.  TIME ZONE: The time zone under which the document was processed

    vii.  MD5HASH: The Md5Hash value of the document

    viii.  CUSTODIAN: Individual from whom the documents originated and all Individual(s) whose documents de-duplicated out (De-Duped Custodian)

    ix.  AUTHOR: Any value populated in the Author field of the document properties

    x.  FILENAME: Filename of an electronic document

    xi.  FILE EXTENSION: The file extension of the document.

    xii.  DATECREATED: Date the document was created (format: MM/DD/YYYY or YYYY/MM/DD)

    xiii.  DATEMODIFIED: Date the document was last altered or saved (format: MM/DD/YYYY or YYYY/MM/DD)

    xiv.  For e-mails:

        1.  SUBJECT: Subject line of e-mail

2. DATESENT: Date e-mail was sent (format: DD/MM/YYYY or YYYY/MM/DD)

3. TO: All recipients in the "To" line of the e-mail

4. FROM: The sender of the e-mail

5. CC: All recipients in the "CC" line of the e-mail

6. BCC: All recipients in the "BCC" line of the e-mail

xv. The field names above may vary depending on a party's use of commercially acceptable production software. All other metadata shall be preserved for the duration of this Action but need not be produced absent a specific request based upon specific facts and a showing of good cause, and further subject to the producing party's claim of undue burden or cost.

13. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose. The parties reserve all objections under the Federal Rules of Civil Procedure and other applicable law for matters relating to the production of data that are not specifically addressed in this Order, including but not limited to the proportionality requirements set forth in Federal Rule of Civil Procedure 26(b)(1).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.
Dated: December 31, 2025

By:  *Stephen F. Roth*

Stephen F. Roth
Orville R. Cockings
Mark I. Peroff
Jason H. Kasner
April M. Capati
Bronson M. Bonnett
**LERNER DAVID LLP**
20 Commerce Drive, Ste. 400
Cranford, NJ 07016
Tel: (908) 654-5000
Fax: (908) 654-7866
Email: sroth@lernerdavid.com
      ocockings@lernerdavid.com
      litigation@lernerdavid.com
      mperoff@lernerdavid.com
      jkasner@lernerdavid.com
      acapati@lernerdavid.com
      bbonnett@lernerdavid.com

*Counsel for Defendants*
MFF-NW LLC, MF-RFC LLC, ABG
Rockport LLC, and Authentic Brands Group
LLC

By:  *Ian Washburn*

Andrew J. Ligotti
Neal J. McLaughlin
**ALSTON & BIRD LLP**
90 Park Avenue, 15th Floor
New York, New York 10016
Tel.: (212) 210-1286
Fax: (212) 210-9444
Email: andy.ligotti@alston.com
Email: neal.mclaughlin@alston.com
Robert L. Lee (admitted *pro hac vice*)
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, Georgia 30309
Tel.: (404) 881-7635
Fax: (404) 991-7777
Email: bob.lee@alston.com

Morgan Chu (to be admitted *pro hac vice*)
Sam Lu (to be admitted *pro hac vice*)
Benjamin W. Hattenbach (to be admitted *pro hac vice*)
Ian Washburn (admitted *pro hac vice*)
Grant Gabriel (to be admitted *pro hac vice*)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
Email: mchu@irell.com
Email: slu@irell.com
Email: bhattenbach@irell.com
Email: iwashburn@irell.com
Email: ggabriel@irell.com

Kamran Vakili (to be admitted *pro hac vice*)
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
Email: kvakili@irell.com

*Counsel for Plaintiffs*

- 9 -

SKECHERS U.S.A., INC. and SKECHERS U.S.A., INC. II

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: 2/19/26

United States Magistrate Judge

Barbara Moses